___ FILED          ___ LODGED
___ RECEIVED    ___ COPY

SEP 2 7 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Kan M DEPUTY

# SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-01280-PHX-DJH(JZB) |
| Plaintiff, | |
| vs. | **INDICTMENT** |
| Joshua Polloso Epifaniou,<br>a.k.a. charySQX,<br>a.k.a. Giorgos Petrou, | VIO: 18 U.S.C. § 1030(b)<br>(Conspiracy to Commit Computer Hacking)<br>Count 1 |
| Defendant. | 18 U.S.C. § 1030(a)(2), (c)(2)(B)(i), & (c)(2)(B)(iii)<br>(Obtaining Information from Protected Computer)<br>Count 2 |
| | 18 U.S.C. § 1030(a)(5)(A) & (c)(4)(B)<br>(Intentional Damage to Protected Computer)<br>Counts 3-23 |
| | 18 U.S.C. § 1030(a)(7)(B) & (c)(3)(A)<br>(Threatening Damage to Protected Computer)<br>Count 24 |
| | 18 U.S.C. §§ 982(a)(2)(B) & 1030(i)<br>(Forfeiture Allegation) |

THE GRAND JURY CHARGES:

At all times material to this indictment, within the District of Arizona and elsewhere:

## INTRODUCTION

1.    Ripoff Report (ROR), a company based in Phoenix, Arizona, hosts a website where customers can post anonymous complaints about people and businesses. The subject

of the complaint can then post a rebuttal.  ROR does not remove complaint reports; instead, persons about whom complaints are posted are only permitted to post rebuttals.

2.     The company identified below as "SEO Company" is a search engine marketing company based in Glendale, California. Its website claims that the company offers, among other services, "reputation management services, as well as Ripoff Report Removal Service, Yelp Negative Review Repair, TheDirty.com Post Removal, Scam.com Post Removal, ComplaintsBoard.com Post Removal and ScamBook.com Post Removal."

3.     On October 30, 2016, JOSHUA POLLOSO EPIFANIOU, a resident of Nicosia, Cyprus, obtained unauthorized access to ROR's database through a brute force attack. A brute force attack is a trial-and-error method used to obtain information, such as a user password or personal identification number (PIN). In this case, EPIFANIOU used the attack to successfully override ROR's login and password protection to access its database through an existing account for an ROR employee.

4.     On November 18, 2016, EPIFANIOU emailed ROR's CEO using the email address charysqx@gmail.com, threatening to publicly disseminate stolen ROR data unless the company paid him $90,000 USD within 48 hours. EPIFANIOU emailed again the following day with a hyperlink to a video recording demonstrating EPIFANIOU's unauthorized access to the ROR CEO's account.

5.     Between October 2016 and May 2017, EPIFANIOU worked with an associate at SEO Company to identify companies that might be interested in paying for removal of complaints posted on ROR's website, which EPIFANIOU would then illegally remove through unauthorized access to the ROR database. EPIFANIOU and his coconspirator removed at least 100 complaints from the ROR database, charging SEO Company's "clients" approximately $3,000 to $5,000 for removal of each complaint.

## COUNT 1
### Conspiracy to Commit Computer Hacking
### (18 U.S.C. § 1030(b))

6.     The factual allegations from Paragraphs 1 through 5 are incorporated herein

by reference and re-alleged as though fully set forth herein.

7.      From on or about October 2016 through May 2017, in the District of Arizona and elsewhere, the defendant, JOSHUA POLLOSO EPIFANIOU, and others known and unknown to the Grand Jury unlawfully, willfully, and knowingly agreed, combined, and conspired to obtain information from a protected computer in violation of 18 U.S.C. § 1030(a)(2), access a protected computer in furtherance of fraud in violation of 18 U.S.C. § 1030(a)(4), and intentionally damage a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A), all in violation of 18 U.S.C. § 1030(b).

8.      To accomplish the objects of the conspiracy, EPIFANIOU and others did (1) solicit companies interested in paying for removal of complaints posted on ROR's website, (2) obtain unauthorized access to ROR's database and delete complaint records, (3) conceal their activities through false names, fake invoices, and the deletion of incriminating evidence, and (4) attempt to gain unauthorized access to other customer complaint websites to further the scheme.

9.      In furtherance of the conspiracy, and to achieve the objects of the conspiracy, EPIFANIOU and others committed the following overt acts:

A.      On or about November 8, 2016, SEO Company negotiated a "reputation management service agreement," charging the client an initial $4000 for removal of a complaint from ROR.

B.      On or about November 9, 2016, EPIFANIOU and his coconspirator via an instant messaging service discussed their plan to remove data from the ROR website for a fee but pretend to SEO Company's clients that it was accomplished through court orders rather than computer hacking.

C.      On or about November 16, 2016, EPIFANIOU and his coconspirator via an instant messaging service discussed ways to market their ROR removal services using an alias.

D.      On or about November 18, 2016—the same day that EPIFANIOU sent his extortion demand to ROR's CEO—EPIFANIOU and his coconspirator via

an instant messaging service discussed methods to obtain unauthorized access to the email account of ROR's CEO and ways to conceal evidence of their crime.

E.    On or about January 13, 2017, EPIFANIOU told his coconspirator via an instant messaging service that the Bank of Cyprus had frozen his account, and that he needed fake invoices to convince the bank to release the funds his coconspirator had transferred to him as his portion of the computer hacking scheme. They discussed how to backdate the invoices and falsely report the payment of at least $32,200 to EPIFANIOU, labeling the invoices "reputation management services" to "make it look legit."

F.    On or about February 3, 2017, EPIFANIOU and his coconspirator via an instant messaging service discussed "spearphishing" the ROR CEO. "Spearphishing" is a method for distributing malware to a specific individual, usually to gain unauthorized access to the individual's computer or online accounts.

G.    On or about February 7, 2017, EPIFANIOU and his coconspirator via an instant messaging service discussed how the coconspirator could post a fake complaint to ROR to help "trigger [the] payload" in furtherance of the scheme to delete ROR data through computer hacking.

H.    On or about February 13, 2017, SEO Company negotiated a "reputation management service agreement" with another client, charging an initial $4,000 for removal of a complaint from ROR.

I.    On or about February 14, 2017, EPIFANIOU and his coconspirator via an instant messaging service discussed the status and profits of their ROR hack, and their intent to hack additional customer complaint and review websites (including through website vulnerabilities and stolen employee login credentials).

J.    On or about March 3, 2017, SEO Company negotiated a "reputation

management service agreement" with another client, charging an initial $4,150 for removal of two complaints from ROR.

K.   On or about March 31, 2017, SEO Company negotiated a "reputation management service agreement" with another client, charging $11,000 for removal of two complaints from ROR.

L.   On or about April 27, 2017, EPIFANIOU and his coconspirator via an instant messaging service discussed another method for unauthorized access to ROR's database, "in case the original exploit gets patched so we can drag this out for another at least 6-7 months."

M.   Between October 2016 and May 2017, EPIFANIOU and his coconspirator removed at least 100 complaints from the ROR database, charging SEO Company's clients approximately $3,000 to $5,000 for removal of each complaint.

## COUNT 2
### Obtaining Information from Protected Computer
### (18 U.S.C. § 1030(a)(2), (c)(2)(B)(i), & (c)(2)(B)(iii))

10.   The factual allegations in paragraphs 1 through 9 are re-alleged and incorporated as if fully set forth here.

11.   From on or about October 2016 through May 2017, within the District of Arizona and elsewhere, the defendant, JOSHUA POLLOSO EPIFANIOU, intentionally accessed without authorization and thereby obtained information from a protected computer associated with Ripoff Report, which was committed for the purpose of commercial advantage and private financial gain and where the value of the information obtained exceeded $5,000 in value, in violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(i) and (iii).

## COUNTS 3-23
### Intentional Damage to Protected Computer
### (18 U.S.C. § 1030(a)(5)(A) & (c)(4)(B))

12.   The factual allegations in paragraphs 1 through 11 are re-alleged and

incorporated as if fully set forth here.

13.    On or about each of the dates set forth below, within the District of Arizona and elsewhere, the defendant, JOSHUA POLLOSO EPIFANIOU, knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer associated with Ripoff Report, which caused a loss to persons during a one-year period resulting from the defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, each transmission constituting a separate count in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B).

| Count | Date | Damage |
|-------|------|--------|
| 3 | 12/9/2016 | 5 records deleted from ROR database |
| 4 | 1/1/2017 | 9 records deleted from ROR database |
| 5 | 1/5/2017 | 5 records deleted from ROR database |
| 6 | 1/10/2017 | 5 records deleted from ROR database |
| 7 | 1/11/2017 | 7 records deleted from ROR database |
| 8 | 1/18/2017 | 5 records deleted from ROR database |
| 9 | 1/30/2017 | 3 records deleted from ROR database |
| 10 | 1/31/2017 | 4 records deleted from ROR database |
| 11 | 2/13/2017 | 4 records deleted from ROR database |
| 12 | 2/16/2017 | 4 records deleted from ROR database |
| 13 | 2/24/2017 | 4 records deleted from ROR database |
| 14 | 3/16/2017 | 1 record deleted from ROR database |
| 15 | 3/23/2017 | 2 records deleted from ROR database |
| 16 | 3/26/2017 | 8 records deleted from ROR database |
| 17 | 3/31/2017 | 5 records deleted from ROR database |
| 18 | 4/6/2017 | 7 records deleted from ROR database |

| Count | Date | Damage |
|-------|------|--------|
| 19 | 4/16/2017 | 3 records deleted from ROR database |
| 20 | 5/1/2017 | 1 record deleted from ROR database |
| 21 | 5/6/2017 | 8 records deleted from ROR database |
| 22 | 5/7/2017 | 8 records deleted from ROR database |
| 23 | 5/9/2017 | 3 records deleted from ROR database |

## COUNT 24
### Threatening to Damage Protected Computer
### (18 U.S.C. § 1030(a)(7)(B) & (c)(3)(A))

14.   The factual allegations in paragraphs 1 through 13 are re-alleged and incorporated as if fully set forth here.

15.   On or about November 18, 2016, within the District of Arizona and elsewhere, the defendant, JOSHUA POLLOSO EPIFANIOU, with intent to extort from a person a thing of value, did transmit in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization, in violation of 18 U.S.C. § 1030(a)(7)(B) and (c)(3)(A).

### Forfeiture Allegation
### (18 U.S.C. §§ 982(a)(2)(B) & 1030(i))

16.   The factual allegations in paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth here for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i).

17.   Upon conviction of the offenses in violation of 18 U.S.C. § 1030 set forth in Counts 1 through 24 of this Indictment, the defendant, JOSHUA POLLOSO EPIFANIOU, shall forfeit to the United States of America the following:

Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

18.     Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b) and 1030(i), the defendant, JOSHUA POLLOSO EPIFANIOU, shall forfeit substitute property, up to the value of the forfeitable property, or any portion thereof, if by any act or omission of the defendant the forfeitable property:

A.     cannot be located upon the exercise of due diligence;

B.     has been transferred or sold to or deposited with, a third person;

C.     has been placed beyond the jurisdiction of the Court;

D.     has been substantially diminished in value; or

E.     has been commingled with other property which cannot be subdivided without difficulty.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date:  September 27, 2017

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

/s/
JAMES R. KNAPP
ANDREW C. STONE
Assistant U.S. Attorneys

- 8 -